J-S54021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK WRIGHT | : | |
| | : | |
| Appellant | : | No. 158 WDA 2018 |

Appeal from the Judgment of Sentence August 18, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003882-2016

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED SEPTEMBER 21, 2018**

Derrick Wright appeals from the judgment of sentence, entered in the Court of Common Pleas of Erie County, after a jury convicted him of theft and related offenses.[1]  After review, we affirm.

On August 4, 2016, an associate of Wright entered a home, without permission, and took from it two debit/credit cards.  Later, Wright and the associate used the debit/credit cards to make various unauthorized purchases. Following an investigation, the Commonwealth charged Wright with two counts of theft, two counts of access device fraud, conspiracy and burglary. On June 21, 2017, a jury found Wright guilty on all charges but burglary.  On August 18, 2017, the trial court sentenced Wright to an aggregate term of 2

_____

[1] Theft by unlawful taking, 18 Pa.C.S.A. § 3921; conspiracy (theft), 18 Pa.C.S.A. § 903; receiving stolen property, 18 Pa.C.S.A. § 3925; access device, 18 Pa.C.S.A. § 4106; and conspiracy (access device), 18 Pa.C.S.A. § 903.

to 8 years' imprisonment. On August 28, 2017, Wright filed a motion for reconsideration of sentence, which the trial court denied by operation of law on December 26, 2017 pursuant to Pa.R.Crim.P. 720(B)(3)(a). On January 25, 2018, Wright timely appealed. Both Wright and the trial court have complied with Pa.R.A.P. 1925. On appeal, Wright raises one issue for our review: "Did the trial court commit an abuse of discretion when it refused to accept/enforce a plea agreement that was offered and accepted on the record and then withdrawn by the Commonwealth." Brief of Appellant, at 7.

Wright argues that the trial court failed to exercise its discretion to determine whether the Commonwealth had inappropriately reneged a plea offer.

Pa.R.Crim.P. 590, which pertains to pleas and plea agreements, provides, in relevant part, as follows:

**(A) Generally**

(1) Pleas shall be taken in open court.

(2) A defendant may plead not guilty, guilty, or, with the consent of the judge, *nolo contendere*. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

. . .

**(B) Plea agreements.**

(1) At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement[.]

- 2 -

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590(a)(1) and (2) and (b)(1) and (2).

In **Commonwealth v. McElroy**, 665 A.2d 813 (Pa. Super. 1995), this Court interpreted Rule 590 as follows:

This Rule has been interpreted by our Supreme Court to mean that no plea agreement exists unless and until it is presented to the court. Our Supreme Court has also held that where a plea agreement has been entered of record and has been accepted by the trial court, the Commonwealth is required to abide by the terms of the plea agreement. . . . However, **prior to the entry of a guilty plea, the defendant has no right to specific performance of an executory agreement**.

*Id.* at 816 (citations, quotations and brackets omitted) (emphasis added).

Here, the Commonwealth proposed a plea deal in which Wright would plead guilty to only one first-degree misdemeanor (theft), rather than a felony burglary count and related misdemeanors; he agreed to that deal. However, prior to Wright entering his plea pursuant to that plea offer, the trial court granted the Commonwealth, represented by Assistant District Attorney ("ADA") Jeremy C. Lightner, leave to consult with a more senior ADA regarding the plea offer. Approximately fifteen minutes later, ADA Lightner informed Wright's counsel and the trial court that the Commonwealth could not extend the previously proposed plea offer in light of internal policies regarding downgrading felonies to misdemeanors. At that time, Wright had not read and/or recited the colloquy necessary to formalize his entrance of a guilty plea pursuant to the Commonwealth's plea offer. In light of the circumstances,

and as Wright concedes, **see** Brief of Appellant, at 23, there is nothing in the record evidencing formal acceptance of the Commonwealth's plea offer that would entitle him to specific performance of plea agreement (i.e., an executory contract) as a matter of right. **See generally**, N.T. Trial, 6/21/17, at 17 ("[C]ompletion of the plea is what needs to occur before the plea is . . . [a] contract."); **see** Pa.R.Crim.P. 590(A)(3).

Instantly, however, Wright argues that the trial court has the discretion to enforce a plea bargain that had been offered and accepted but subsequently withdrawn by the Commonwealth. In support of his argument, Wright cites **Commonwealth v. Mebane**, 58 A.3d 1243 (Pa. Super. 2012). In **Mebane**, this court determined that, in light of the Commonwealth's bad faith reneging on its plea offer, the defendant was entitled to the benefit of the withdrawn plea bargain. There, the Commonwealth extended a plea offer to Mebane, who accepted it. At the time of Mebane's acceptance, neither party was aware of the trial court's ruling on a pending, but related, suppression motion. At some point after Mebane accepted the plea agreement, but before his guilty plea hearing, the Commonwealth became aware that the trial court had denied Mebane's suppression motion, but it did not inform Mebane of said information. When the parties convened for Mebane's guilty plea hearing, the Commonwealth, armed with knowledge that the trial court had not suppressed incriminating evidence, reneged its plea offer. This court determined that the Commonwealth acted inappropriately in not disclosing that the trial court had denied Mebane's suppression motion and, thus, enforcement of the

Commonwealth's reneged-upon offer was in the interest of justice. *Mebane*, 58 A.3d at 1249 (finding that Commonwealth "vulpinely used . . . information regarding the [t]rial [c]ourt's ruling prior to its disclosure to defense counsel," leading defendant to proceed under belief he had entered into plea agreement with Commonwealth.") (citation and quotation omitted).

Wright argues that the instant circumstances are similar to those in *Mebane*. We disagree. First, the Commonwealth timely withdrew its plea offer after ADA Lightner discovered his proposed plea offer violated office policy; the Commonwealth withdrew the plea offer in good faith where ADA Lightner had no authority from the Commonwealth to extend it. Second, as Wright concedes, the trial court never reached the procedural juncture necessary to conduct an inquiry into the validity of a guilty plea. *See Commonwealth v. McElroy*, *supra* at 816 (no plea agreement exists unless and until it is presented to court). Additionally, no extraordinary circumstances existed here that would have permitted the trial court to exercise discretion to enjoin the Commonwealth to honor a plea agreement that had not yet been consummated by colloquy. *Cf. Mebane*, *supra*. Accordingly, Wright's claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/21/2018</u>